THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD RYAN, Relator, Appellant, v. THOMAS H. MURPHY, Respondent.— This is an appeal from an order of the Clinton County Court dismissing a writ of habeas corpus issued on behalf of relator. On December 11, 1924, Edward Ryan was sentenced to Elmira Reformatory for the crime of assault, second degree. While confined at Elmira Reformatory the prisoner was examined by a physician attached to that institution and was found to be a mental defective and a certificate was executed declaring said prisoner to be a mental defective and ordering his transfer from Elmira Reformatory to the Institution for Male Defective Delinquents at Napanoch and remained in the custody of that institution until April 22, 1927, at which time he was released on parole. While on parole from Napanoch he was convicted on March 26, 1928, for the crime of attempted robbery in the second degree and sentenced to twelve and one-half years at State prison. Thereafter he was convicted in the County Court of Bronx county for the crime of assault, first degree,

and sentenced for thirty years, and on March 10, 1931, he was convicted in the County Court of Westchester county for attempted felonious escape and was sentenced to State prison for his life. It is the contention of the appellant that any person committed to the Institution for Male Defective Delinquents at Napanoch cannot subsequently be tried, convicted or sentenced for a crime by any court in the State of New York while that person remains under the jurisdiction of said institution. In support of his contention appellant cites the case of *People ex rel. Meyers* v. *Lawes* (242 App. Div. 647). In such case an indictment had been found against Meyers, charging him with robbery in the first degree and assault in the second degree and receiving stolen property. He had pleaded not guilty and the court ordered physicians to examine Meyers as to his mental condition and as the result of such examination he was committed to the Institution for Male Defective Delinquents at Napanoch by two qualified examiners. He was subsequently paroled from that institution. Upon his parole he was picked up by the New York county authorities to answer the indictment pending against him and he pleaded guilty to it. The Court of General Sessions in the *Meyers* case had no authority or jurisdiction to convict Meyers when he was already committed to Napanoch by the same court on the same indictment. The *Meyers* case is not authority for the proposition advanced by the appellant in this case. If the appellant's contention was to receive the approval of this court then all weak-minded second offenders are free to commit crimes with impunity. Order unanimously affirmed. Present— Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.